IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY GOLD CATALUNA, | CIVIL NO. 14-00480 LEK-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE |
| vs. | COMPLAINT WITH LEAVE TO AMEND AND DENY PLAINTIFF'S APPLICATION |
| VINCENT VANDERFORD; QUEENS HOSPITAL; STATE OF HAWAII; MILITARY HAWAII DEPARTMENT; POLICE STATE; SAMOAN PEOPLE, HAWAIIAN PEOPLE, KAIULANI ELEMENTARY SCHOOL, FEDERAL PRISON SERVICE, MAIL DEPARTMENT BLACK BUDGET.COM, SOLARIS.COM, SCIENCE.COM, TIME.COM, BIOSCIENCE, FEDERAL HOUSING MAYOR RIGHTS, | TO PROCEED WITHOUT PREPAYING FEES |
| Defendants. | |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY
<u>PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES</u>[1]

Before the Court is Plaintiff Mary Gold Cataluna's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on October 22, 2014. ECF No. 2. As discussed below, the Court FINDS AND RECOMMENDS that the district court DISMISS this action without prejudice and DENY the Application.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

DISCUSSION

Courts may authorize the commencement of a suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

The court may also dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of

2

Richmond, 417 F.2d 426, 431 (9th Cir. 1969)). Because Plaintiff is appearing pro se in this action, the Court liberally construes her pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

Here, the Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief. The Complaint does not contain a statement of the grounds for jurisdiction, and the Court is unable to discern any basis for jurisdiction from the Complaint. See Fed. R. Civ. P. 8(a)(1). Although the Complaint contains various statements regarding Plaintiff's physical condition, it does not contain any factual allegations regarding the conduct of the Defendants that would provide sufficient notice to the Defendants of the claims asserted against them. The Complaint does not state which allegations are relevant to which Defendants. The Complaint does contain allegations regarding disagreements and conversations that Plaintiff had with Defendant Vanderford; however, those allegations do not state a claim for relief. The Complaint fails to set forth any cognizable causes of action.

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez, 203 F.3d at 1126. Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.

If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference. See Local Rule 10.3. Because the Court finds that the Complaint is deficient, the Court also RECOMMENDS that Plaintiff's Application be DENIED and that Plaintiff be given leave to file another Application if she chooses to file an amended complaint.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) DISMISS Plaintiff's Complaint without prejudice;

2) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

3) DENY Plaintiff's Application with leave to file another Application if she chooses to file an amended complaint.

4

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 27, 2014.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**CATALUNA V. VANDERFORD, ET AL.; CIVIL NO. 14-00480 LEK-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES**