IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARY GOLD CATALUNA, | ) | CIVIL 14-00480 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| VINCENT VANDERFORD, ET AL., | ) | |
| Defendants. | ) | |

## ORDER REGARDING PLAINTIFF'S AMENDED COMPLAINT

Pro se Plaintiff Mary Gold Cataluna ("Plaintiff") filed her original Complaint on October 22, 2014. On October 27, 2014, the magistrate judge issued his findings and recommendation ("F&R"), which recommended, *inter alia*, that this Court dismiss Plaintiff's Complaint without prejudice. [Dkt. no. 4.] Plaintiff filed her Amended Complaint on November 7, 2014. [Dkt. nos. 5, 5-1.[1]] This Court adopted the F&R on November 18, 2014. [Dkt. no. 6.] This Court has screened Plaintiff's Amended Complaint, and rules as set forth below.

## BACKGROUND

Plaintiff lives in an apartment within the Mayor Wright Homes ("Mayor Wright"), a federally subsidized housing facility operated by the Hawaii Public Housing Authority ("HPHA"). She alleges that Defendant Vincent Vanderford ("Vanderford"), another

---

[1] Because Plaintiff's Amended Complaint is almost 200 pages long, it has been divided into two docket numbers.

Mayor Wright resident, has been harassing her since 2010. [Amended Complaint (dkt. no. 5) at 22-26.[2]] She has attempted to address the harassment by, *inter alia*: reporting it to the Honolulu Police Department ("HPD"); reporting it to Mayor Wright security; applying for a temporary restraining order in state court (her application was denied); and requesting grievance hearings before the HPHA. Plaintiff alleges that Mayor Wright personnel have protected Vanderford and disregarded her complaints because he is of Native Hawaiian ancestry and she is not. In 2010, Plaintiff reported housing discrimination in violation of federal fair housing laws to the United States Department of Housing and Urban Development ("HUD"). [Id. at 24-26, 28-31.] The Amended Complaint does not indicate the outcome of either Plaintiff's reports to HPHA or her report to HUD.

Plaintiff appears to allege that, as a result of the harassment, she suffered financial hardship, and she and her minor daughter suffered various physical injuries. [Id. at 2-18.] Plaintiff and her daughter sought medical care for these injuries and other conditions at, *inter alia*, Defendant "Queens hospital" ("Queens"). [Amended Complaint (dkt. no. 5-1) at 35-64.]

---

[2] Plaintiff's Amended Complaint consists of a cover page, followed by Exhibits A through Q. Neither the Amended Complaint as a whole nor each exhibit is consecutively paginated. The Court's citations to the Amended Complaint refer to the page numbers assigned in the Electronic Case Filing system.

2

Plaintiff also expresses various concerns about the conditions at Mayor Wright, including: she has no right to secure her apartment with a personal lock, and therefore anyone with a duplicate key can gain access; and there was a concealed camera in her apartment. [Id. (dkt. no. 5) at 32-33, (dkt. no. 5-1) at 33-34.] Plaintiff also appears to have various disputes with her daughter's school, Defendant Kaiulani Elementary School ("KES"). The disputes address, *inter alia*, bullying at school and the denial of Plaintiff's request for a geographic exception for her daughter. [Id. at 55-58, (dkt. no. 5-1) at 83).] She has provided a letter from the Department of Education, Office of the Deputy Superintendent, dated May 28, 2013, stating that "an investigation related to allegations of noncompliance of the Individuals with Disabilities Education Improvement Act of 2004 (IDEA) and/or Hawaii Administrative Rules (HAR) Chapter 60 will be conducted." [Id. (dkt. no. 5-1) at 74.] The Amended Complaint does not include information about the outcome of the investigation.

In addition, the Amended Complaint includes various documents which show that Plaintiff has concerns about and/or has made various types of complaints regarding: the detention of her daughter's father at the Federal Detention Center; his eventual deportation; her termination from her job; her unemployment and disability benefits; being taunted by a postal service worker;

denial of her medication; road work near her residence; and various consumer complaints.

## **STANDARD**

This Court has recognized that the following standard applies to the screening of a complaint by a pro se plaintiff:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984);

> see also Fed. R. Civ. P. 12(h)(3); <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." <u>United States v. Marks</u>, 530 F.3d 799, 810 (9th Cir. 2008) (quoting <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. <u>See</u> <u>Kokkonen</u>, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." <u>Thompson v. McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996).

<u>Mather v. Nakasone</u>, Civil No. 13-00436 LEK-KSC, 2013 WL 4788930, at *1-2 (D. Hawai`i Sept. 5, 2013) (alterations in <u>Mather</u>) (citation omitted).

## **DISCUSSION**

### **I. Federal Claims**

Plaintiff's Amended Complaint, liberally construed, appears to allege the following claims under federal law: violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, at KES; and violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, at Mayor Wright. The Court first turns to Plaintiff's IDEA claims.

#### **A. IDEA Claims**

Plaintiff's Amended Complaint includes materials regarding: her daughter's illnesses at school; alleged bullying incidents; and the denial of Plaintiff's request for a geographic exemption for her daughter. The defendants in Plaintiff's IDEA

5

claims are apparently the State of Hawai`i ("the State") and KES. The Amended Complaint, however, does not specify how either the State or KES allegedly violated the IDEA, nor does it specify the relief that Plaintiff seeks.

To the extent that Plaintiff attempts to seek damages under the IDEA, her claims fail as a matter of law. The Ninth Circuit has stated:

> As we have previously noted, "[t]he wording of the [IDEA] does not disclose a congressional intent to provide a [compensatory] damage remedy." Mountain View–Los Altos Union High Sch. Dist. v. Sharron B.H., 709 F.2d 28, 30 (9th Cir. 1983). Nor does it disclose a congressional intent to provide a remedy for nominal damages. It does allow district courts to "give all 'appropriate relief,' but absent legislative history suggesting the contrary, such a phrase is usually construed as a mere grant of jurisdiction . . . and not of authority to award retrospective damages," id. (quoting 20 U.S.C. § 1415(e)(2)), whether they be compensatory or nominal. See also Ortega v. Bibb Cnty. Sch. Dist., 397 F.3d 1321, 1323-25 (11th Cir. 2005) (refusing to infer a cause of action for nominal damages for failure to provide a nurse capable of addressing a child's medical needs). . . .

C.O. v. Portland Pub. Sch., 679 F.3d 1162, 1167 (9th Cir. 2012) (some alterations in C.O.). Insofar as Plaintiff's Amended Complaint alleges claims seeking damages under the IDEA, those claims are DISMISSED WITH PREJUDICE because it is absolutely clear that no amendment can cure the defects in those claims. See Lucas, 66 F.3d at 248.

If Plaintiff's Amended Complaint seeks relief that **is** available under the IDEA, the exhaustion of remedies requirement applies.  20 U.S.C. § 1415(l) states, in pertinent part:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

(Brackets in original.)  There is no indication in the Amended Complaint that Plaintiff has exhausted her administrative remedies as required by the IDEA.  Plaintiff's claims seeking relief available under the IDEA are therefore DISMISSED.

Because it is arguably possible for Plaintiff to amend her complaint to cure the defects in the portions of her IDEA claims which seek relief that is available under the IDEA, she is entitled to notice of the deficiencies in those claims and an opportunity to amend.  This Court therefore GRANTS Plaintiff leave to amend those claims.  This Court, however, CAUTIONS Plaintiff that, if she fails to cure the defects in her IDEA claims, this Court will dismiss her IDEA claims with prejudice, in other words, she will no longer be able to pursue her IDEA claims in this case, and she will not be able to bring those

claims in a new case.

**B.    <u>FHA Violations</u>**

Plaintiff appears to allege that she reported the harassment by Vanderford to various personnel at Mayor Wright, but they failed to respond appropriately to her reports because Vanderford is of Native Hawaiian ancestry and she is not.  This Court liberally construes Plaintiff's allegations as a claim pursuant to 42 U.S.C. § 3604(b), which prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." The respondents in Plaintiff's FHA claim are the State and "Federal housing Mayor rights."  <u>See</u> Amended Complaint (dkt. no. 5) at 1; 42 U.S.C. § 3602(n)(1) (stating that the "Respondent" for purposes of an FHA action is "the person or other entity accused in a complaint of an unfair housing practice").

Although Plaintiff may have raised this alleged discrimination in a HUD report, [<u>id.</u> at 30,] she was not required to exhaust her administrative remedies related to that report before filing a civil action.  The FHA provides that, "[a]n aggrieved person may commence a civil action under this subsection whether or not a complaint has been filed under section 3610(a) of this title and without regard to the status of

8

any such complaint." 42 U.S.C. § 3613(a)(2). The Court therefore concludes that Plaintiff's FHA claim survives the screening process.

The Court now turns to Plaintiff's apparent state law claims.

## II. Harassment and Malpractice

Construing the Amended Complaint liberally, Plaintiff alleges a tort claim against Vanderford based on the alleged harassment, and she alleges a malpractice claim against Queens based on problematic care that she received there. These are state law claims, and this Court does not have diversity jurisdiction over them because - based on the allegations in the Amended Complaint - Plaintiff, Vanderford, and Queens are all citizens of Hawai`i. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]").

This Court can exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, which states, in pertinent part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

> Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Even if the state law claims meet the criteria set forth in § 1367, a federal court has the discretion to decide whether it will exercise supplemental jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("The power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.").

This Court finds that Plaintiff's harassment claim is sufficiently related to her FHA claim to support the exercise of supplemental jurisdiction, and this Court concludes that the harassment claim survives the screening process. Plaintiff's malpractice claim, however, is not sufficiently related to either her FHA claim or her attempted IDEA claim. This Court cannot find that Plaintiff's malpractice claim is part of the same case or controversy as her federal claims. This Court therefore declines to exercise supplemental jurisdiction over Plaintiff's malpractice claim. Insofar as it is absolutely clear that Plaintiff's malpractice claim against Queens cannot be saved by any amendment, that claim is DISMISSED WITH PREJUDICE. Plaintiff can no longer pursue her malpractice claim against Queens in this action, but this Court's Order does not prevent Plaintiff from

bringing that claim in state court.

III. **Other Defendants and Allegations**

In addition to the defendants discussed in Sections I and II, the Amended Complaint also identifies the following defendants: the military; HPD; "samoan people[;]" "hawaiian people[;]" the federal prison system; the postal service; four ".com" entities; and "bioscience" (collectively "the Remaining Defendants"). [Amended Complaint (dkt. no. 5) at 1.] These defendants were also named in Plaintiff's original Complaint. [Complaint at 1.]

The magistrate judge's F&R informed Plaintiff that, "even liberally construed, the Complaint fails to state any discernable basis for judicial relief." [F&R at 3.] Further, the magistrate judge stated:

> Although the Complaint contains various statements regarding Plaintiff's physical condition, it does not contain any factual allegations regarding the conduct of the Defendants that would provide sufficient notice to the Defendants of the claims asserted against them. The Complaint does not state which allegations are relevant to which Defendants. . . . The Complaint fails to set forth any cognizable causes of action.

[Id.]

Although the Amended Complaint, liberally construed, alleges claims against the State, "Federal housing Mayor rights," KES, Vanderford, and Queens, this Court cannot identify any cognizable claims in the Amended Complaint against the Remaining

11

Defendants.[3] Like the original Complaint, the Amended Complaint merely presents allegations about Plaintiff's and her daughter's physical conditions; it does not identify how the Remaining Defendants are allegedly liable for their conditions. Thus, there is insufficient information in the Amended Complaint to give the Remaining Defendants notice of the claims against them. Insofar as the defects in the Amended Complaint's claims against the Remaining Defendants are the same as the defects that the magistrate judge identified in the F&R, this Court finds that Plaintiff would not be able to cure the defects in those claims with further amendment. This Court therefore FINDS that it is absolutely clear that no amendment can cure the defects in Plaintiff's claims against the Remaining Defendants. Plaintiff's claims against the Remaining Defendants are DISMISSED WITH PREJUDICE.

**IV. Leave to Amend**

This Court has dismissed Plaintiff's IDEA claim against the State and KES without prejudice. If Plaintiff wishes to

---

[3] Plaintiff's original Complaint includes some additional information that arguably sheds light upon her allegations regarding some of the Remaining Defendants. This Court, however, cannot consider the allegations in the original Complaint in evaluating the Amended Complaint. As a general rule, "when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent.'" Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (alteration in Rhodes) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

12

amend this claim, she must file a second amended complaint by **[insert date]**. Plaintiff's second amended complaint must include her FHA claim and her harassment claim - in addition to the IDEA claim - and it must include **all** of the allegations that her claims are based upon, even if she previously presented those allegations in prior versions of the complaint. She cannot incorporate any part of her prior complaints into the second amended complaint by merely referring to the prior complaint.

This Court CAUTIONS Plaintiff that, if she fails to file her second amended complaint by **Thursday, January 29, 2015**, or if the second amended complaint fails to cure the defects in her IDEA claim that this Court has identified in this Order, this Court will dismiss her IDEA claim with prejudice, and only her FHA and harassment claims will proceed in this case.

This Court emphasizes that it has only granted Plaintiff leave to amend her IDEA claim. If Plaintiff wishes to make other changes — i.e., if she wishes to add new parties, claims, or theories of liability — Plaintiff must file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

## V. <u>Filing Fee</u>

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") on October 23, 2014, in conjunction with her original Complaint. [Dkt. no. 2.] Included in this Court's adoption of the

13

magistrate judge's F&R on November 18, 2014, is the denial of Plaintiff's Application. When Plaintiff filed her Amended Complaint, she neither filed another Application nor paid the filing fee.

This Court therefore ORDERS Plaintiff to either pay the filing fee or file another Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff must do so by **Wednesday, January 14, 2015,** regardless of whether or not she files a second amended complaint. This Court CAUTIONS Plaintiff that, if she fails to either pay the filing fee or file another Application by **January 14, 2015,** this entire action may be automatically dismissed.

## **CONCLUSION**

On the basis of the foregoing, this Court rules as follows:

- Plaintiff's Fair Housing Act claim against the State of Hawai`i and "Federal housing Mayor rights," and Plaintiff's harassment claim against Vincent Vanderford survive the screening process;

- Plaintiff's claim under the Individuals with Disabilities Education Act against the State and Kaiulani Elementary School is HEREBY DISMISSED WITHOUT PREJUDICE;

- Plaintiff's malpractice claim against "Queens hospital" in the Amended Complaint, filed November 7, 2014, is HEREBY DISMISSED WITH PREJUDICE; and

- all other claims and defendants identified in Plaintiff's Amended Complaint are HEREBY DISMISSED WITH PREJUDICE.

If Plaintiff wishes to amend her IDEA claim, she must file her

second amended complaint, in accordance with the terms of this Order, by no later than **Thursday, January 29, 2015.**

Further, this Court ORDERS Plaintiff to either pay the filing fee or file another Application to Proceed in District Court Without Prepaying Fees or Costs by no later than **Wednesday, January 14, 2015,** regardless of whether she files a second amended complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 12, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARY GOLD CATALUNA VS. VINCENT VANDERFORD, ET AL; CIVIL 14-00480 LEK-RLP; ORDER REGARDING PLAINTIFF'S AMENDED COMPLAINT**