```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

MARY GOLD CABALUNA,            )     CIVIL 14-00480 LEK-RLP
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
VINCENT VANDERFORD, ET AL.,    )
                               )
          Defendants.          )
_____)
```

**ORDER STRIKING PROPOSED COMPLAINT FILED ON JANUARY 28, 2015**

Plaintiff filed her Amended Complaint on November 7, 2014. [Dkt. nos. 5, 5-1.[1]] On December 12, 2014, this Court issued its Order Regarding Plaintiff's Amended Complaint ("12/12/14 Order"). [Dkt. no. 7.[2]] In the 12/12/14 Order, this Court ruled that the following claims survived the screening process: Plaintiff's claim pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, against Defendants the State of Hawai`i ("the State") and "Federal housing Mayor rights" ("Mayor Wright"); and Plaintiff's harassment claim against Defendant Vincent Vanderford ("Vanderford"). [Id. at 14.] This

---

[1] Plaintiff's Amended Complaint has been divided into two docket numbers because it is almost 200 pages long.

[2] The 12/12/14 Order is also available at 2014 WL 7148723, but all citations to it in this Order are to the version that appears in the district court's electronic filing system. The Court notes that the 12/12/14 Order refers to Plaintiff as "Mary Gold Cataluna." After the Court issued the order, Plaintiff clarified that the correct spelling of her name is "Mary gold Cabaluna." [Dkt. no. 8.]

Court gave Plaintiff leave to amend the claim she attempted to allege pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, against the State and Defendant Kaiulani Elementary School ("KES"). [Id. at 12-13.]

On January 22, 2015, Plaintiff filed a document titled "Second Amended Complaint," which the Court construes as her "1/22/15 Proposed Complaint." [Dkt. no. 13.] On January 28, 2015, Plaintiff filed another document titled "Third Amended Complaint," which the Court construes her "1/28/15 Proposed Complaint." [Dkt. no. 14.] The Court also construes Plaintiff's 1/28/15 Proposed Complaint as replacing the 1/22/15 Proposed Complaint. The Court therefore STRIKES the 1/22/15 Proposed Complaint and has not considered it in screening the 1/28/15 Proposed Complaint.

As written, the 1/28/15 Proposed Complaint fails to reassert Plaintiff's FHA claim and harassment claim and attempts to reassert a claim that this Court dismissed with prejudice in the 12/12/14 Order. Further, the remaining allegations in the 1/28/15 Proposed Complaint fail to state a cognizable basis for relief. The Court therefore DENIES Plaintiff leave to file the 1/28/15 Proposed Complaint and HEREBY STRIKES it from the docket. The Amended Complaint remains the operative pleading.

**BACKGROUND**

In addition to the FHA claim against the State and Mayor Wright, the harassment claim against Vanderford, and the attempted IDEA claim against the State and KES, the Amended Complaint attempted to assert a malpractice claim against Defendant "Queens hospital" ("Queens"). The Amended Complaint also attempted to raise various concerns regarding the detention of her daughter's father at the Federal Detention Center; his eventual deportation; her termination from her job; her unemployment and disability benefits; being taunted by a postal service worker; denial of her medication; road work near her residence; and various consumer complaints. This Court declined to exercise supplemental jurisdiction over Plaintiff's malpractice claim and dismissed it with prejudice because it was not sufficiently related to either her FHA claim or her attempted IDEA claim. [12/12/14 Order at 10.] The order expressly stated that "Plaintiff can no longer pursue her malpractice claim against Queens in this action." [Id.] The 12/12/14 Order also concluded that the remaining allegations in the Amended Complaint failed to state a cognizable claim. [Id. at 11-12.]

Plaintiff's 1/28/15 Proposed Complaint states that she voluntarily terminated her "health plans due of unusual medical problems and suspicion of illegal research done to [her] and

3

[her] daughter using insurance." [Proposed Complaint at 5.[3]] She includes correspondence from the State Med-QUEST Division regarding the termination of her Medicaid benefits and her eligibility for re-enrollment. [Id. at 3-5, 7-8.] Plaintiff apparently alleges that she experienced the problematic treatment at Queens because she has submitted a copy of her discharge instructions from a January 25, 2015 visit to the Queens emergency room. [Id. at 9-10.]

Plaintiff's 1/28/15 Proposed Complaint also incorporates various articles which she argues show that the State and other entities have been conducting illegal medical research. [Id. at 11-18.] In addition, she alleges that: BAE Systems, an entity which provides engineering and other support services for military weapons systems, has committed various crimes in the Philippines; Typhoon Haiyan caused "genocide" in the Philippines and elsewhere; and there has been "Fraud research on extraterrestrial." [Id. at 19-27.]

## DISCUSSION

### I. IDEA Claim

In the 12/12/14 Order, this Court cautioned Plaintiff that if she failed to cure the defects in her IDEA claim that

---

[3] Plaintiff's 1/28/15 Proposed Complaint is not consecutively paginated. The Court's citations to the 1/28/15 Proposed Complaint refer to the page numbers assigned in the Electronic Case Filing system.

this Court identified, this Court would dismiss her IDEA claim with prejudice. [12/12/14 Order at 13.] Plaintiff's 1/28/15 Proposed Complaint does not include her IDEA claim. This Court therefore finds that Plaintiff has failed to cure the defects in her IDEA claim. Pursuant to the admonition in the 12/12/14 Order, Plaintiff's IDEA claim in the Amended Complaint against the State and KES is HEREBY DISMISSED WITH PREJUDICE.

## II. Termination of Plaintiff's Benefits

The Court does not construe the 1/28/15 Proposed Complaint as alleging a claim against the State based on the termination of Plaintiff's benefits because, as reflected in the allegations in the 1/28/15 Proposed Complaint and the correspondence that Plaintiff attached, her benefits were terminated at her request. Plaintiff apparently challenges the problematic care that she received at Queens which prompted her to terminate her Medicaid benefits. The Court construes this as an attempt to assert another malpractice claim against Queens, similar to the claim that she alleged in the Amended Complaint. For the reasons stated in the 12/12/14 Order, this Court finds that Plaintiff's malpractice claim in the 1/28/15 Proposed Complaint: is not sufficiently related to her FHA claim to be part of the same case and controversy; and cannot be saved by any amendment. See 12/12/14 Order at 9-10 (discussing requirements for supplemental jurisdiction); id. at 4-5 (setting forth

standard for screening of a complaint by a pro se plaintiff). This Court therefore declines to exercise supplemental jurisdiction over the malpractice claim against Queens in the 1/28/15 Proposed Complaint.

**III. Other Allegations in the Proposed Complaint**

The remaining allegations in the 1/28/15 Proposed Complaint relate to: medical research, crimes by BAE Systems, Typhoon Haiyan, and extraterrestrial research. This Court must liberally construe Plaintiff's pleadings because she is proceeding pro se. See, e.g., Watson v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Even liberally construing the Proposed Complaint, these allegations do not state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6); Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." (citations omitted)).

**CONCLUSION**

Plaintiff's 1/28/15 Proposed Complaint does not include the claims that this Court ruled survived the screening process. Further, the 1/28/15 Proposed Complaint asserts a malpractice claim that is similar to a claim that this Court dismissed with prejudice in the 12/12/14 Order, and the remaining allegations do not state a claim upon which relief can be granted. The Court

therefore DENIES Plaintiff leave to file the 1/28/15 Proposed Complaint, and STRIKES it from the record.  The Amended Complaint, filed November 7, 2014, remains the operative pleading.

Plaintiff is NOTIFIED that it is her responsibility to ensure that she takes the appropriate steps to serve the Amended Complaint on the remaining defendants - Vanderford, the State, and Mayor Wright.  The Clerk's Office is directed to send Plaintiff the standard instructions and forms for service of the Amended Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 27, 2015.



　　　　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States District Judge

**MARY GOLD CABALUNA VS. VINCENT VANDERFORD, ET AL; CIVIL 14-00480 LEK-RLP; ORDER STRIKING PROPOSED COMPLAINT FILED ON JANUARY 28, 2015**