IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARY GOLD CABALUNA, | ) | CIVIL 14-00480 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VINCENT VANDERFORD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING CASE WITH PREJUDICE

Pro se Plaintiff Mary Gold Cabaluna ("Plaintiff") filed her Amended Complaint in this action on November 7, 2014. [Dkt. nos. 5, 5-1.[1]] On December 17, 2015, this Court issued its Order Granting in Part and Denying in Part Motion to Dismiss Plaintiff's Claims Against Defendants State of Hawai`i and Hawai`i Public Housing Authority in Amended Complaint [ECF Nos. 5, 5-1] ("12/17/15 Order"). [Dkt. no. 140.] In the 12/17/15 Order, this Court dismissed Plaintiff's claim pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, against Defendants State of Hawai`i and Hawai`i Public Housing Authority (collectively "State Defendants") without prejudice. In other words, this Court allowed Plaintiff to file a second amended complaint that included: 1) her FHA claim; 2) a state law housing discrimination claim based on the same facts as the FHA

---

[1] Plaintiff's Amended Complaint has been divided into two docket numbers because it is almost 200 pages long.

claim – assuming that she attempted to allege such a claim in the Amended Complaint; and 3) her harassment claim against Defendant Vincent Vanderford ("Vanderford").

The 12/17/15 Order gave Plaintiff until January 20, 2016 to file her second amended complaint, and the order cautioned her that, if she failed to do so, this Court would dismiss her FHA claim with prejudice – in other words, without leave to amend.  The 12/17/15 Order also informed Plaintiff that, if it dismissed her FHA claim with prejudice, it would also decline to exercise supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367.  [12/17/15 Order at 12.]

Plaintiff did not file a second amended complaint, nor has she filed anything in this case since this Court issued the 12/17/15 Order.  Because of Plaintiff's failure to comply with the 12/17/15 Order, this Court has the discretion to dismiss her Amended Complaint with prejudice.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[2] After weighing the five dismissal factors set forth in Dreith v.

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, the defendants will not be prejudiced by dismissal because: the State Defendants sought dismissal with prejudice in their motion to dismiss the Amended Complaint; and Vanderford has never appeared in this case.  Finally, this Court finds that there are no less drastic alternatives available at this time.

     Plaintiff's FHA claim, which this Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE.  There being no remaining federal law claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's state law housing discrimination claim – assuming that the Amended Complaint alleged one – and Plaintiff's harassment claim are therefore DISMISSED WITH PREJUDICE.  The

---

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

dismissal of Plaintiff's state law claims is with prejudice insofar as she cannot pursue those claims in this action.  This Court expresses no opinions about the merits of Plaintiff's state law claims, if she brought them in state court.

This means that all of Plaintiff's claims in this case are dismissed, and she is not permitted to file a second amended complaint.  Plaintiff therefore does not have any claims pending in this case.

This Court DIRECTS the Clerk's Office to close this case on **February 16, 2016**, unless this Court orders otherwise.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 25, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARY GOLD CABALUNA VS. VINCENT VANDERFORD, ET AL; CIVIL 14-00480 LEK-RLP; ORDER DISMISSING CASE WITH PREJUDICE**